## PRITCHARD *vs.* M'KINSTRY ET AL.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where certain goods are attached in the hands of a mercantile firm, and the intervenor claims them, but alleges they are in the possession of a different firm, he cannot offer evidence to show the goods actually attached are his, when the two mercantile houses are altogether distinct. The proof must conform to the allegation.

This case commenced by attachment. The plaintiff alleges that the defendant, M'Kinstry, who resides at Manchester, in Mississippi, is indebted to him in the sum of five hundred and forty dollars and sixty-eight cents, according to an account annexed to the petition, for goods and merchandize sold and delivered to him. He prays for an attachment against property of the defendant in Louisiana, and for judgment, etc. And that Messrs. Irwin, Hall & Walton, be summoned as garnishees to answer, concerning property of the defendant in their hands.

A defensor was appointed who put in a general denial for the defendant.

Peter Wager, of Philadelphia, now intervened and claimed the property attached, as belonging to him, having consigned it to the defendant, M'Kinstry, as a mere agent    The peti-

tion alleges, that the attachment of the plaintiff has issued, and been levied on property of the intervenor in the hands of a mercantile house of J. Hall, Walker and Walton. He prays for leave to intervene and oppose the sale of the property, and that it be ordered to be delivered to him, or its proceeds.

On these pleadings and issues the case was tried by the court.

In the course of the trial, the intervenor offered to prove ownership of the property attached, which was objected to, on theground, that he alleged his property to be in the hands of a different firm from that attached. The objection was overruled, and a bill of exceptions taken.

There was judgment for the intervenor, and dismissing the attachment. The plaintiff appealed.

*Benjamin*, for the plaintiff.

*Bodin*, for intervenor.

*Elwyn*, for defendant.

*Carleton, J.*, delivered the opinion of the court.

This is a suit by attachment, wherein Irwin, Hall & Walton are made garnishees, one of whom, A. Irwin, jr., in his answer to interrogatories, declares, that they have in their possession certain goods, marked W. M'Kinstry. Whereupon an attorney was appointed to represent the absent defendant, who answered by general denial.

At this stage of the proceedings, Peter Wager intervened, and alleged, that an attachment had issued in the above suit, against certain effects in the hands of Hall, Walker & Walton, of which he was owner. The court was of opinion, that he made out his title to the goods, and dismissed the petition of the plaintiff, who appealed.

At the trial of the cause, the following bill of exceptions was taken by plaintiff's counsel :

"Be it remembered, that on the trial of this cause, the counsel for the intervenor offered to read in evidence the written instrument marked, and also offered the testimony of Irwin, for the purpose of proving that said intervenor was the owner of the property attached in this suit, in the hands of Messrs. Irwin, Hall & Walton, to all which testimony the counsel for plaintiff objected, on the ground that said intervenor had not claimed, in his petition, such property as was attached in the hands of said Irwin, Hall & Walton, but only such as had been attached in the hands of J. Hall, Walker & Walton, which two firms of Irwin, Hall & Walton and J. Hall, Walker & Walton, had been shown to be entirely distinct and separate commercial houses, doing business in New-Orleans; but the objections were overruled by the court, and the testimony and written agreement aforesaid, admitted in evidence; whereupon, the counsel for plaintiffs took this, his bill of exceptions, and prayed the court to sign the same."

Where certain goods are attached in the hands of a mercantile firm, and the intervenor claims them, but alleges they are in the possession of a different firm, he cannot offer evidence to show the goods actually attached are his, when the two mercantile houses are altogether distinct. The proof must conform to the allegation.

We think the court erred. An allegation that the intervenor's goods had been attached in the hands of J. Hall, Walker & Walton, would not warrant the introduction of testimony to show that he was the owner of goods attached in the hands of Irwin, Hall & Walton, which he did not claim. The two mercantile houses are stated to be altogether distinct, and the proof ought to have conformed to the *allegata* in the petition of intervention.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; that this cause be remanded for a new trial, with instructions to the judge not to permit testimony to be introduced contrary to the opinion herein expressed, and that Peter Wager, the intervenor, pay the costs of this appeal.